[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTUAL BACKGROUND
The plaintiff, the Travelers Insurance Company (the Travelers), by and through its administrator, The MetraHealth CT Page 1700 Insurance Company, filed a one count breach of contract action on December 3, 1996, against the defendants Par Industries, Inc./Blazon-Flexible Flyer, Inc. The Travelers alleges that Par breached the parties' contract by failing to pay the plaintiff the full amount due under the contract.
The complaint alleges the following facts. On June 1, 1991, the Travelers issued a group policy of insurance to Par and Flexible Flyer in connection with Par's establishment of an employee health plan. The financial arrangement that was adopted for the Plan was a Modified Minimum Premium Agreement (MMP). Pursuant to this agreement, Par was to fund all health benefits paid out under the plan during each year up to a specified amount. Par was to deposit money into its bank account at Shawmut Bank Connecticut, N.A., in Hartford, Connecticut, or its predecessor.
The Travelers would administer the plan. If Par failed to fund the Bank Account pursuant to the terms of the MMP, the Travelers would pay the claims from its own funds and Par would reimburse the Travelers. According to the MMP, Flexible Flyer employee claims were funded by Par through the banking arrangement and an administrative cost was forwarded to the Travelers on a monthly basis as a "collectable premium." Pursuant to the agreement, Par owes the Travelers $23,058.
On January 2, 1997, Par and Flexible Flyer filed a motion to dismiss for lack of personal jurisdiction. The motion is accompanied by a supporting memorandum of law and the affidavit of Par's controller, George Mitchell. On February 5, 1997, the Travelers filed a memorandum in opposition to the motion to dismiss, accompanied by two affidavits and several exhibits. The Travelers filed an additional objection to the motion to dismiss, with several exhibits, on October 9, 1997. On October 27, 1997, the Travelers filed a copy of an agreement between it and Blazon-Flexible Flyer, Inc.
Par and Flexible Flyer argue that Connecticut courts lack personal jurisdiction over them because the statutory requirements of General Statutes § 33-411(c)(1)[1] have not been met as "the contract was made and was to be performed in Mississippi, not Connecticut." (Defendants' memorandum of law, p. 5, ¶ 1). Par and Flexible Flyer further contend that the sole contact with the state of Connecticut is Par's maintenance of a bank account, and this contact is insufficient to subject an out CT Page 1701 of state party to personal jurisdiction in Connecticut. Also, Par and Flexible Flyer argue that the assertion of jurisdiction over them violates the due process clause of the United States Constitution.
The Travelers argues in its opposing memorandum that personal jurisdiction may be exercised over the defendants pursuant to General Statutes § 33-411 (c)(1) or § 52-59b.[2]
II. Discussion
Practice Book § 142 requires a defendant to challenge personal jurisdiction by filing a motion to dismiss. Knipple v.Viking Communications, Ltd., 236 Conn. 602, 605, 674 A.2d 426
(1996). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,593 A.2d 1000 (1988). When a motion to dismiss challenges the court's jurisdiction over the defendant, the trial court must engage in a two-part inquiry. Knipple v. Viking Communications, Ltd., supra,236 Conn. 606. "The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process. . ." (Citations omitted; internal quotation marks omitted.) Id.
"If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction. . ." (Citation omitted.)Knipple v. Viking Communications, Ltd., supra, 236 Conn. 607.
1. Connecticut General Statutes § 33-411(c)
Par and Flexible Flyer argue that there is no statutory basis of jurisdiction over them in Connecticut. They contend that General Statutes § 33-411(c)(1) does not confer personal jurisdiction over them because the contract was executed and "was to be performed in Mississippi, not Connecticut." (Defendants' memorandum of law, p. 5, ¶ 1). Par and Flexible Flyer further claim that their only contact with Connecticut was the establishment of a bank account, which is insufficient to confer CT Page 1702 personal jurisdiction. The Travelers, however, responds that pursuant to the contract, the plaintiff's performance was to occur in Connecticut, therefore § 33-411 (c) confers personal jurisdiction over Par and Flexible Flyer.
In determining whether personal jurisdiction is proper pursuant to § 33-411 (c)(1)[3], the plaintiff must "initially establish prima facie that a contract existed and that it was to be performed in Connecticut within the meaning of [that statute.]" Allard v. Transtek international, Ltd., Superior Court, judicial district of Litchfield, Docket No. 061582 (December 7, 1993, Pickett, J.). See also American National Bankv. Centrig Industries, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 337462 (December 10, 1993, Hartmere, J.) (Execution of contract outside of Connecticut is not dispositive to whether the defendant "transacted business" in Connecticut.). Here, The Travelers established that a contract existed between it and Par and Flexible Flyer. The Travelers submitted the contract as a supplementary exhibit. Nor does Par or Flexible Flyer deny the existence of the contract in their motion to dismiss or supporting affidavit.
Next, a plaintiff must prove that the contract was to be performed in Connecticut within the meaning of General Statutes § 33-411(c)(1). General Statutes § 33-411(c) does not "expressly require contemplated performance in this state by the party over whom jurisdiction is sought. . . . There is no indication . . . that the Connecticut legislature intended that the language `to be performed in this state', should be given a limited construction to require performance in this state by the party over whom jurisdiction is sought." Allard v. TranstekInternational, Ltd., supra, Superior Court, Docket No. 061582, quoting Bowman v. Grolsche Bierbrouwerij B.V., 474 F. Sup. 725,731-32 (D. Conn. 1979). "For a court to assert jurisdiction over a foreign corporation pursuant to General Statutes § 33-411 (c)(1), it is clear that the underlying contract must contemplate or encompass some contact with Connecticut. However, that contact need not always be by the defendant." Allard v. TranstekInternational, Ltd., supra, Superior Court, Docket No. 061582.
A contract does not have to be performed in Connecticut by a defendant foreign corporation for the court to exercise personal jurisdiction pursuant to § 33-411 (c)(1). Allard v. TranstekInternational, Ltd., supra, Superior Court, Docket No. 061582. Performance by one party is sufficient. The Travelers alleges CT Page 1703 that it is a Connecticut corporation with a principal place of business in Hartford, Connecticut, and that pursuant to the MMP agreement, Par and Flexible Flyer funded health benefits paid out under the plan by depositing monies into Par's bank account "at Shawmut Bank, N.A., in Hartford, Connecticut or its predecessor." (Complaint, ¶ 5). The Travelers further alleges that "it would administer the Plan, and if Par failed to fund the Bank Account according to the MMP, the Travelers would pay claims from its own funds, subject to reimbursement from Par." (Complaint, ¶ 5).
Further, the flow chart of the funding arrangement under the MMP, plaintiff's exhibit B of October 9, 1997 memorandum of law and the affidavit of John Smythe, an employee of United Health, demonstrate that the Travelers performed the MMP Agreement in Connecticut in the following manner: "The Travelers field claim office would issue a draft once a claim was presented by an employee of Flexible Flyer. The payee would then cash the draft and the draft would flow through the National Banking System to Connecticut National Bank, in Hartford, Connecticut. Connecticut National Bank would forward a daily tape of the drafts to The Travelers in Hartford. In the meantime, The Travelers field claim office would send a copy of the draft to The Travelers home office in Hartford. The Travelers home office in Hartford would then match the Connecticut National Bank tape to the issued draft tapes. After a match was established, The Travelers would assign the appropriate draft liability to the appropriate company." (Affidavit of John Smythe, dated February 4, 1997, ¶ 7).
Finally, the affidavit of Par's controller does not offer any facts to demonstrate how the contract was performed completely outside of Connecticut. Rather, the affidavit states that the contract was mostly performed in Mississippi, because most of the employees were in Mississippi. (Affidavit of George Mitchell, Par's controller, dated December 27, 1996, ¶ 5). The underlying contract contemplated contact with Connecticut. Therefore, this court has personal jurisdiction over Par and Flexible Flyer pursuant to General Statutes § 33-411 (c)(1).
2. Due Process
Par and Flexible Flyer also move to dismiss on the ground that the due process clause of the United States Constitution will not be satisfied. They argue that Par and Flexible Flyer's only contact with Connecticut was the maintenance of a bank CT Page 1704 account. They maintain that this contact is insufficient to confer jurisdiction pursuant to the due process clause.
"[T]he long arm statute [33-411(c)(1)] authorizes the exercise of jurisdiction if such an exercise comports with principles of due process." Thomason v. Chemical Bank,234 Conn. 281, 299, 661 A.2d 595 (1995). "[I]n order to subject a defendant to a judgment in personam, . . . . he [must] have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Citation omitted; internal quotation marks omitted.)Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 52 (1983).
"The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. [T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. . . ." (Citation omitted; internal quotation marks omitted.) United States Trust Co. v. Bohart, 197 Conn. 34, 41,495 A.2d 1034 (1985). "The specific facts of each case necessarily determine the outcome of a minimum contacts analysis"United States Trust Co. v. Bohart, supra, 42.
According to these principles, Par and Flexible Flyer reasonably should have foreseen defending this case in a court in Connecticut.
Flexible Flyer entered into a contract (the MMP) with the Travelers, which has its principal place of business in Hartford, Connecticut. (Complaint, ¶ 1). The Travelers performed the contract in Connecticut. (Complaint, ¶ 5). Pursuant to section 12(a)(i)(ii) of the agreement, Par opened a bank account at Shawmut Bank in Connecticut. (Complaint, ¶ 5). Via wire transfers, Par deposited money into its bank account to fund all the insurance benefits paid out under the MMP. (Affidavit of George Mitchell, Par's controller, dated December 27, 1996, ¶ 6). From this bank account, an administrative cost was forwarded to the Travelers on a monthly basis as a "collectable premium." (Complaint, ¶ 6). Such contacts with Connecticut have been deemed sufficient for the court to exercise personal jurisdiction. For example, in Senior v. American Institute forForeign Study, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139183 (February 7, 1996, Karazin, J.), the court determined that a Rhode Island camp CT Page 1705 had sufficient contacts with Connecticut because it received information from a Greenwich office, the agreement between the parties had a Greenwich address displayed on the front page, and it sent payments to Connecticut.
Also, the sleds produced by the defendant Flexible Flyer are widely distributed in Connecticut. (Affidavit of George Mitchell, Par's controller, dated December 27, 1996, ¶ 6). Margolin v.Specialty Publishers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306754 (March 14, 1995, Hauser, J) (distribution of defendant's product in Connecticut was a factor considered by the court in determining that Specialty Publishers had sufficient contacts with Connecticut in a breach of employment contract case).
Finally, section 16 of the MMP agreement provides that "[t]his Agreement shall be governed by the laws of Connecticut." The Connecticut Supreme Court held in United States Trust Co. v.Bohart, that "[t]he forum selection portion of paragraph nineteen . . . gave the defendants specific notice that any accounting action would be litigated in Connecticut."197 Conn. 34, 43. Accordingly, Par and Flexible Flyer had notice that any dispute that arose from the MMP Agreement with the Travelers could be litigated in Connecticut. Furthermore, a choice of law provision in a contract is "a factor which the United States Supreme Court . . . held to be relevant when weighing a defendant's contacts with a forum." United States Trust Co. v.Bohart, supra, 197 Conn. 43, citing Burger King Corporation v.Rudzeqicz, 105 S.Ct. 2174, 2187, 471 U.S. 462 (1986).
Par's contacts with Connecticut pursuant to the MMP agreement and distribution of its products are sufficient for Par to have reasonably anticipated being haled into court in Connecticut for alleged breach of the MMP contract.
Conclusion
Based on the foregoing, the motion to dismiss (#101) of Par and Flexible Flyer for lack of personal jurisdiction is denied.
So ordered
Michael Hartmere Judge of the Superior Court. CT Page 1706