[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff Nancy Gates, a resident of Stafford Springs, Connecticut, brings this action against Royal Plaza Hotel Associates, a Florida partnership d/b/a Buena Vista Palace Resort and Spa, which is a hotel located in Lake Buena Vista, Florida. Process was served by constructive service. This Florida partnership is not registered with the Secretary of State of the State of Connecticut, and hence has no agent for service or other means of accomplishing in person service in Connecticut.
The defendant moves to dismiss the plaintiffs complaint for lack of personal jurisdiction claiming that defendant Royal Palace does not transact business within Connecticut, and it does not have the requisite minimum contacts as required by theFourteenth Amendment's Due Process Clause to confer personal jurisdiction over the defendant.
In support of its motion the defendant furnishes the affidavit of the manager of the Security for the Royal Place Hotel, claiming in essence that is has no place of business or telephone listing in Connecticut; that it does not advertise in Connecticut or in publications that are circulated in Connecticut; that it does not solicit business in Connecticut; it has no bank accounts or real estate in Connecticut; it has no agents in Connecticut; is not owned by or controlled by Walt Disney World Corporation; does not purposefully direct any activities toward Connecticut; has had no continuous and systematic general business contacts with Connecticut.
When jurisdiction is based upon constructive service, jurisdiction cannot arise solely from the acts recited in the return. If the defendant challenges the court's jurisdiction, it is then incumbent on the plaintiff to prove the facts to CT Page 15408 establish the requisite minimum contacts. See Standard TallowCorporation v. Jowdy, 190 Conn. 48, 53 (1983).
The plaintiff is entitled to a "trial like hearing", and/or "discovery", to establish facts which would support jurisdiction. This court at short calendar afforded the parties the opportunity to have and to schedule a trial-like hearing to determine this issue. The parties agreed that such a hearing was not necessary, as discovery had taken place, and the matter could be determined by the court on the basis of the responses to discovery, and the affidavits submitted by both of the parties.
"All assertions of state court jurisdiction must be evaluated according to the standards set forth in International Shoe Co. v.Washington, 326 U.S. 310 . . . Those standards, as set out inInternational Shoe require that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Standard Tallow, supra, pp. 51, 52. A determination of these issues is dependent upon the facts of each particular case, and is not susceptible of mechanical application. Standard Tallow, supra, p. 52.
The plaintiff, in attempting to carry its burden, points to the following information obtained in the disclosure(s) of the defendant.
Answers to disclosure by the defendant on July 6, 1998, reveals that from January 1, 1995 to the present the defendant distributed nationally "palace rack brochure, Hotel Travel Index, 00CVB Accommodations Guide, numerous newspapers, magazines and travel guides." That it obtains bookings for conventions and/or seminars by "telephone, mail, fax or in person". That the "American Management Association books several meetings per year at Buena Vista Palace." That from October 1996 through the present the defendant had a web site, "bvp-resort.com.10/96-1997; bvp resort 1997 to present." That another web site w.w.w.tenonline.com./disney hotels is authorized to and does list Buena Vista Palace as one of the Seven Official Hotels of Walt Disney World in Disney Village. That by using bvp — resort.com. a person can "order brochures, make reservations, reserve packages or ask for information." That since January 1, 1995 the defendant provided information to publications in the state of Connecticut concerning Buena Vista Palace approximately CT Page 15409 40 times.
The answer to the plaintiff's requests for admissions states that Buena Vista Palace is listed in a travel brochure published by "Delta Vacations". Further, that the hotel has obtained business and/or customers as a result of being listed in the brochure published by Delta Vacations for the period January 1, 1995 to present. Also that the brochure published by Delta Vacations has been available from travel agents within the state of Connecticut for the period January 1, 1995 to present. Travel agents within the state of Connecticut can and have booked reservations for Connecticut customers by the agents calling into Florida. Buena Vista Palace has been listed in travel brochures other than Delta Vacations that can be obtained within the state of Connecticut.
The plaintiff states in her affidavit that she received a seminar catalogue from the American Management Association at her place of business in Middletown, Connecticut. The catalogue listed several locations at which a seminar would be conducted. She determined to go to this seminar at Lake Buena Vista, Florida because she had intended to vacation at Disney World immediately following the seminar, and was attracted to the Buena Vista Palace Resort and Spa by the advertisement she received for the seminar. Attached to the disclosure is an agreement between Buena Vista Palace and American Management Association, 135 West 50th Street, New York, N.Y. for the latter to accept lodging and services for "the series of meetings scheduled for March 17-21, 1996."
 I
The plaintiff has brought this action, in Connecticut, under the auspices of General Statutes § 52-59b. The pertinent section of the statute allows personal jurisdiction against any foreign partnership ". . . who in person or through an agent: (1) Transacts any business within the state; . . ."
The plaintiff contends that the defendant advertises within and does in fact transact business within this state.
 II Advertising
CT Page 15410
The plaintiff claims that the various advertising activity of the defendant constitutes transacting business in this state under General Statutes § 52-59b(l). The defendant claims that it does not advertise in this state. The court finds, however, that the allowing of others, such as Delta Vacations, to promote the facilities of the defendant through Delta's publications does constitute advertising by the defendant. The allowing of the promotion of its facilities in travel brochures other than Delta Vacations, obtainable within this state, constitutes advertising by the defendant. The providing of information to publications in the state of Connecticut approximately 40 times since 1995 constitutes advertising within this state by the defendant.
The reported cases which deal with advertising as forming the basis for the concept of transacting business all appear to involve additional elements above and beyond mere minimal interstate advertising. For example, in Miller v. Meadowlands CarImports, Inc., 822 F. Sup. 1, 63 (1993), the district court determined that advertising in the New York Times, which is sold in Connecticut, and in a national magazine Autoweek, inaddition to the defendant's sales person contacting the plaintiff at the plaintiff's home in Connecticut, constitutes transacting business. The Connecticut Supreme Court, in Lombard Bros. Inc. v.General Management Co., 190 Conn. 245, 257 stated that the placing, sporadically, of advertisements in the New York Times and Wall Street Journal, without more, cannot constitute repeated solicitation of business, even if one were dealing with the less stringent statutory threshold of "solicitation" under the corporate statute Connecticut General Statutes § 33-411. (Now General Statutes § 33-929(e)). See also Greene v. Sha-Na-Na,637 F. Sup. 591, 597 whereby a single ad in the New York Post did not constitute doing business in Connecticut. Conversely, seeMcFaddin v. National Executive Search, Inc., 354 F. Sup. 1166,1170 where the claimed involvement was satisfactorily greater than mere advertisement solicitation.
Each of the decisions referred to by the plaintiff deal with circumstances whereby the defendant engaged in additional activity in this state, in addition to advertising. Mallon v.Walt Disney World, U.S. District Court Conn., Case # 3.97 CV 01320 included promotional events in Hartford and New Haven.DeLuca v. Holiday Inns, Inc., Ct. Sup. 10436 pertains to circumstances whereby the familiar name and the presence of Holiday Inns, doing actual business in Connecticut in that name, coupled with their national recognition, and the conducting of a CT Page 15411 national advertising network, transcended mere casual advertising in the state.
It must also be noted of course that the mere fact that local travel agents may be able to book tickets for out of state hotels does not necessarily constitute doing business in this state by these hotels. See Walter v. Hotel Brunswick, 3 Conn. Cir. Ct. 398 (1965).
It should also be noted that, unlike the long arm statute which pertains to foreign corporations, whereby the mere solicitation of business without conducting business within the state General Statutes § 33-929(f), may possibly subject the corporation to jurisdiction, under certain circumstances, foreign partnership must be demonstrated to have actually transacted business within this state. General Statutes § 52-59b(i). SeeLane v. Hopfeld, 160 Conn. 53, 56, 57 (1970).
This court concludes that the mere fact of accomplishing some advertising within this state, with nothing more, would probably not constitute doing business within this state. However, the extent of advertising is a matter to be considered. The court notes that in addition to the Delta Vacations advertising, the defendant specifically provided brochures for distribution within Connecticut, and that forty times since 1995 it provided information to publications in the state of Connecticut. This averages ten times per year, approximately once per month. The court concludes that this conduct constitutes more than general all-state activity, and indicates that Connecticut is a target state for this rather intense advertising effort.
 III
Other Activity
The defendant admits that travel agents within the state of Connecticut can and have booked reservations for Connecticut residents at the defendant's Buena Vista Palace. Further, that the defendant is available to Connecticut citing as through the Internet to make reservations, order brochures, and reserve specific packages or make inquiry for giving information.
 IV
The court finds that the combination of a concentrated CT Page 15412 advertising effort within this state, in combination with the active booking of reservations for Connecticut citizens through Connecticut travel agents, together with the invitation to Connecticut citizens to make reservations and other arrangements with the defendant directly through the Internet, constitutes the transaction of business within this state, thereby satisfying the statutory jurisdictional requirements of General Statutes § 52-59b(l).
 IV Due Process
"If the statutory requirements were met, its second obligation was to then decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." Knipple v. Viking Communications,Ltd, 236 Conn. 602, 606 (1996); Frazer v. McGowan, 198 Conn. 243,246 (1986).
"The United States Constitution allows state courts to assert jurisdiction over nonresident defendants only when minimal contacts exist between the defendant and the foreign state. The nature of these contacts must be such that requiring the defendants to defend in the foreign state does not offend `traditional notions of fair play and substantial justice.'"Frazer v. McGowan, supra p. 252.
This court has general jurisdiction over the defendant by virtue of the determination that it was in fact transacting business within the state, General Statutes § 52-59b(l), and also that the defendants business contact constituted sufficiently continuous and systematic overall business contacts with this state; and also that the plaintiff's cause of action arose out of the transaction of such business by advertising with the American Management Association and its consequent dissemination expectation to persons who reside in this state. See Thompson v. Assn. Chemical Bank, 234 Conn. 281, 287, 290, 291
(1995).
Arising out of the transaction means that the defendant "could reasonably have anticipated being hauled into court by some person who had been solicited in Connecticut and that the plaintiff's cause of action is not noticeably different from an action which may have resulted directly from that solicitation." CT Page 15413Thompson v. Chemical Bank, supra, p. 296. ". . . it is the totality of the defendant's conduct and connection with the state that must be considered on case by case basis to determine whether the defendant could reasonably have anticipated being hauled into court here." Lombard Bros. v. General Asset MagnetCo., 190 Conn. 245, 255 (1983).
Applying these factors to the claims asserted by the plaintiff compels the conclusion that the due process factors of this jurisdiction issue have been met. The plaintiff claims to have sustained personal injuries when struck by a vehicle operated by the defendant's valet parking operator. For a myriad of reasons it is certainly foreseeable that persons attending vacation/resort facilities may sustain personal injuries while on the premises. It is also foreseeable that negligence claims will arise from such occurrences, and that some of said claims will result in the commencement of litigation in a court of law.
It is further to be anticipated that some or many of those injured parties will be transitory guests who came from and reside in distant states, here including residents of the state of Connecticut. Common experience indicates that such injured persons will return to their residence in their domicile state as soon as is medically feasible, at which locale they will receive continuing medical and rehabilitative treatment. In reality most of the witnesses who would be called to testify at such litigation — doctors, therapists, employers, friends, neighbors — would be local people — here Connecticut people. It is further expected that most citizens would choose a forum in their own locale, and representation by familiar local counsel. Other than in extremely unusual circumstances the liability aspects of premises or auto type accidents may be tried with faculty in forums other than that of the locus of the injury.
It is clear from this recognition of the factors herein involved, that the defendant could reasonably have anticipated being hauled into court here in the state of Connecticut. The defendant has access to competent counsel here in this state and is not disadvantaged by the fact of this action being been brought or pursued hereafter in this state.
The court determines, that the defendant has sufficient minimal contacts with the state of Connecticut such that the maintenance of this suit does not offend traditional notions of CT Page 15414 fair play and substantial justice. Thompson v. Chemical Bank, supra, p. 287. The court also notes a recent case from the U.S. District Court, District of Connecticut, on the basis of similar factors, arrived at this same conclusion. See Mallon v. WaltDisney World, Lake Buena Vista Communities, Case # 3:97 CV 01320 RNC Sept. 18, 1998.
This court determines that it does have jurisdiction. The motion to dismiss filed by the defendant is denied.
L. Paul Sullivan, J.