[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS #101
The plaintiff, Westbrook Technologies, Inc., is a Delaware corporation with an office and principal place of business in Branford, Connecticut. The defendant, City Blueprinting Company, is an Ohio corporation with an office and principal place of business in Cleveland, Ohio. In its two-count complaint, the plaintiff asserts claims for breach of contract (Count I) and unjust enrichment (Count II), claiming that the defendant ordered software from the plaintiff, as well as on-site installation and training at the defendant's place of business in Ohio, and that CT Page 4256 the defendant has failed to pay for these goods, materials and services.
The plaintiff has now moved to dismiss the complaint for lack of personal jurisdiction. The parties agree that the defendant is a foreign corporation and the applicable long arm statute is General Statutes § 33-929 (formerly § 33-411). Specifically, the parties rely upon § 33-929(f)(1) of the long arm statute as the exclusive statutory basis for subjecting the defendant to suit in Connecticut. The defendant argues that the contract was made and performed in Ohio, whereas the plaintiff, while not disputing that the contract was made in Ohio, contends that it was substantially performed in Connecticut.
"Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Internal quotation marks omitted.) Knipple v. Viking Communications. Ltd.,236 Conn. 602, 605, 674 A.2d 426 (1996). "This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 10-31(a).
"When a defendant [foreign corporation] files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process. . . ." (Brackets in original; citations omitted; internal quotation marks omitted).Knipple v. Viking Communications, Ltd., supra, 236 Conn. 606.
When constructive service is used, "[t]he plaintiff ordinarily bears the burden of establishing an adequate factual basis for personal jurisdiction over a defendant." United StatesTrust Co. v. Bohart, 197 Conn. 34, 39, 495 A.2d 1034 (1985).
General Statutes § 33-929(f)(1) confers jurisdiction over a foreign corporation "[o]n any cause of action arising . . . (1) Out of any contract made in this state or to be performed in this state. . . ." General Statutes § 33-929(f)(1). The parties do not dispute that the contract was made in Ohio; the plaintiff contends, however, that the contract was substantially performed CT Page 4257 in Connecticut, thereby permitting the defendant to be sued in this state. The defendant counters that plaintiff has not supported this contention either with documentary evidence or uncontroverted facts.
The only uncontroverted writing representing the alleged agreement of the parties is the purchase order attached to the complaint. This document contains an "annual software support agreement" as one of its line items, but offers no further information as to where this service would be performed. Another line item contained in the purchase order is "2 1/2 Days, Installation and Education on Site". According to the affidavit of Sean Donegan, the plaintiffs president, however, both of these services represent a minor expenditure of time compared to the other services the plaintiff has provided or intended to provide in Connecticut.
Robert A. Lydon, the defendant's chief operating officer, states in his affidavit that the defendant has no offices in Connecticut, does not own any property or maintain any financial accounts in Connecticut, does not advertise, solicit or conduct business in Connecticut, does not have any customers in Connecticut, and that no one from the defendant corporation ever traveled to Connecticut to meet with the plaintiff; instead, the defendant's employee, Chris Strang, "[w]ho represented himself improperly as a `department manager' to the plaintiff," placed a single unauthorized order with the plaintiff for delivery in Ohio. Lydon attests that the terms of the software agreement were indicated on its packaging, which stated that if the package were opened it was deemed accepted. He further states that the defendant returned the software to the plaintiff without opening it, and that the defendant has had no other dealings with the plaintiff except for "those alleged in the complaint." Finally, Lydon asserts in his affidavit that the defendant does not perform the type of business for which the delivered software was designed. Attached to Lydon's affidavit is a document, entitled "Intel End User Software License Agreement."
Donegan attests that he was personally involved in the preparation of the sales proposal to the defendant, which was prepared in response to an inquiry by Chris Strang, "[w]ho held himself out as a duly authorized agent of the Defendant." Donegan further alleges that he was contacted by Strang in excess of thirty times over a two-month period, and he invested approximately fifteen hours preparing the sales proposal and CT Page 4258 responding to Strang's inquiries, in addition to the six to ten hours invested by the plaintiff's other employees. Donegan states that the "Intel End-User Software License Agreement" is not the plaintiffs property, nor is it used by the plaintiff when entering into contracts with third parties. He further claims that, while the on-site installation and training in Ohio lasted approximately sixteen hours, the contract calls for technology and software support in which the plaintiff will invest at least an additional 240 hours over the next year and into the future, which "[services have and will continue to be provided by Westbrook from its offices in Connecticut." Finally, Donegan states that "[t]he only service not performed by Westbrook in Connecticut and in furtherance of the agreement between the parties would be the onsite training of City Blueprinting Company employees, which consisted of approximately sixteen (16) hours."
No Connecticut appellate court has decided whether aplaintiff's substantial performance of a contract in the forum state confers long arm jurisdiction over a foreign corporate defendant. Judges of the superior court have held that General Statutes § 33-929 (formerly § 33-411) does not "[e]xpressly require contemplated performance in this state by the party over whom jurisdiction is sought. . . . There is no indication that the Connecticut legislature intended that the language `to be performed in this state' should be given a limited construction to require performance in this state by the party over whom jurisdiction is sought." (Citations omitted; internal quotation marks omitted.) Bilco Co. d/b/a The Perm Entry Co. v. CareyPrecast Concrete Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 405960 (June 19, 1998, Levin, J.) (22 Conn. L. Rptr. 309); Travelers Insurance v. Par Industries,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 394427 (February 5, 1998, Hartmere, J.) (21 Conn. L. Rptr. 393). Both of these decisions rely upon Bowmand/b/a American Sales Co. v. Grolsche Bierbrouwerij B.V.,474 F. Sup. 725, (D.Conn. 1979), in which a federal district court on a motion to dismiss decided this issue as one of first impression under Connecticut law. Id., 731-32.
In Bowman, the court characterized the issue as whether the language of the long arm statute regarding contracts" `to be performed in this state'. . . is satisfied where the contract requires performance in [Connecticut] by the plaintiff only."Bowman d/b/a American Sales Co. v. Grolsche Bierbrouwerij B.V.,
supra, 474 F. Sup. 731. The plaintiff in that case had been CT Page 4259 granted by written agreement the exclusive right to market and supply Grolsch beer in the United States. The contract named Connecticut as the initial test marketing area; marketing in other states would be explored only if business in Connecticut proved successful in the first year. Id., 730-31. The court noted that the contract contemplated performance by the plaintiff in Connecticut but there was no evidence that the defendant would perform any part of the agreement in Connecticut. Id., 731. "[The plaintiff] relies primarily on its own performance in this state to establish jurisdiction over [the defendant], while [the defendant] argues that the `performance' language of § 33-411(c) (1) [currently § 33-929(f)(1)] is satisfied only by performance in this state by the party over whom jurisdiction is sought." Id. The district court held that "[w]here the contract in question clearly contemplated and required performance in this state by plaintiff American, § 33-411(c)(1) subjects defendant Grolsch to suit in this state." Id., 732. Accordingly, if both parties in the present case agreed that the alleged contract was to be substantially performed by the plaintiff from its offices in Connecticut, that fact would be sufficient to confer jurisdiction over the defendant pursuant to the relevant section of the long arm statute.
In this case, the allegations in the complaint and the respective affidavits leave unresolved a host of questions concerning the location of the performance of the contract. No information has been provided about the software ordered by the defendant's employee, including, for example, whether it was customized to specifications, presumably requiring numerous communications between the parties, or was something that could be pulled off a shelf and sent under shrink wrap to the defendant. Lydon's affidavit attests that a software package was returned to its sender, but there is no evidence that this package contained the plaintiff's product. Nor does Lydon deny in his affidavit that the plaintiff spent several days on-site in Ohio installing software and educating the defendant's employees; indeed, his affidavit states that "CBC has never had any other dealings with Westbrook than those alleged in the complaint," seemingly admitting the truth of the plaintiff's allegations in the complaint regarding all of the parties' interactions. The plaintiff alleges that the software was installed on-site in Ohio. Donegan's affidavit claims that 240 hours of post-installation support is required, but it is unclear whether this work would be performed in the plaintiff's Connecticut office or whether it would be performed at the defendant's Ohio CT Page 4260 location.
A review of the allegations and the opposing affidavit fails to resolve whether any software was installed, and therefore "delivered," according to whatever specifications were agreed upon by the parties. This issue is significant to a determination of where the contract was performed, and, therefore, to the issue of whether this court may permissibly exercise jurisdiction over the defendant pursuant to General Statutes § 33-929(f)(1), and whether the exercise of that jurisdiction would comport with the requirements of due process.
These are all pertinent factual questions requiring resolution before the court rules on this motion. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Standard Tallow Corp. v.Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983). This is true even though neither party has requested a hearing. Knipple v. VikingCommunications. Ltd., supra, 236 Conn. 602-11 (trial court granted motion to dismiss for lack of personal jurisdiction and supreme court remanded case for "further proceedings" on whether defendant had sufficient contacts with Connecticut so as to comport with due process requirements); Nancy Gates v. RoyalPalace Hotel, Superior Court, judicial district of Rockville at Tolland, Docket No. 66595 (December 30, 1998, Sullivan, J.) (23 Conn. L. Rptr. 670) (court offered parties opportunity to have trial-like hearing on motion to dismiss for lack of personal jurisdiction although parties agreed a hearing was unnecessary).
Indeed, the Appellate Session held in Garden Mutual BenefitAssociation v. Richard Levy, 37 Conn. Sup. 790, 437 A.2d 141
(1981), "[t]hat the trial court's dismissal of the action below, based solely upon affidavits which raised a material issue of fact, constituted error." Id., 792. In Garden Mutual, the plaintiff had served the defendant at his "usual place of abode," but the defendant contended on a motion to dismiss that he was living in Canada at the time of service. This conflict was clear from the parties' affidavits, but the court did not resolve the question prior to dismissing the case. The Appellate Session held that "[t]he trial court erred in failing to conduct an evidentiary hearing on this disputed fact prior to dismissing the action." Id., 793. It does not appear from the opinion that either party requested an evidentiary hearing prior to the trial CT Page 4261 court's dismissal.
Accordingly, it is this court's conclusion that an evidentiary hearing should be held when a court is asked to dismiss an action for lack of jurisdiction on an inadequate record. "[A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists. . . . In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." (Citation omitted; internal quotation marks omitted.)Lampasona v. Steve Jacobs, 7 Conn. App. 639, 642, 509 A.2d 1089
(1986), aff'd, 209 Conn. 724, 553 A.2d 175 (1989), cert. denied,492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed. 590 (1989) (case remanded to the trial court for a hearing on unresolved questions of fact pertaining to the court's subject matter jurisdiction). See alsoGarden Mutual Benefit Association v. Levy, 37 Conn. Sup. 790,792, 437 A.2d 141 (1981) (trial court must hold an evidentiary hearing prior to determining personal jurisdiction questions when the parties have submitted affidavits presenting factual issues). The court therefore orders the parties to appear before the undersigned at 9:30 AM on Monday, May 17, 1999 (or such other Monday as is convenient to the parties and the court) for an evidentiary hearing at which the plaintiff will bear the burden of proving that the facts of this case satisfy the long arm statute and due process requirements. Knipple v. VikingCommunications. Ltd., supra, 236 Conn. 611.
Jonathan E. Silbert, Judge