**Elaine G. CARUTH, Plaintiff–Appellant,**

v.

**INTERNATIONAL PSYCHOANALYTICAL ASSOCIATION, Defendant–Appellee.**

No. 93–56256.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1995.

Decided July 6, 1995.

Robert S. Gerstein, Santa Monica, CA, and James Fizzolio, Fizzolio, Fizzolio & McLeod, Sherman Oaks, CA, for plaintiff-appellant.

James E. Hornstein, Brian L. Edwards, Greenberg, Glusker, Fields, Claman & Machtinger, Los Angeles, CA, for defendant-appellee.

Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR,* District Judge.

BRUNETTI, Circuit Judge:

Plaintiff–Appellant Elaine Caruth filed a complaint against the International Psychoa-

nalytic Association (IPA), alleging that IPA's decision to deny her membership and training analyst status was based on age discrimination. On July 6, 1993, IPA removed the case to the United States District Court and filed a motion to dismiss for lack of personal jurisdiction, which was granted by the district court. Caruth timely appeals. We have jurisdiction and reverse.

### I.

■ As a court sitting in diversity, the district court could exercise in personam jurisdiction over IPA pursuant to California's long-arm statute, Cal.Civ.Proc.Code § 410.10. *See Metropolitan Life Ins. Co. v. Neaves,* 912 F.2d 1062, 1065 (9th Cir.1990). Section 410.10 provides for personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." *Id.* Jurisdiction in this case is therefore constrained only by constitutional due process requirements. Those requirements are satisfied here.

"A court may exercise either general or specific jurisdiction over a nonresident defendant." *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990). Specific jurisdiction, the type at issue here, is appropriate when the following requirements are met:

"(1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Core–Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1485 (9th Cir.1993) (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987)).

Since the district court resolved Appellee's motion to dismiss without an evidentiary

---

* Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

hearing, relying only on the pleadings and affidavits, we only inquire into whether Caruth's pleadings and affidavits make a prima facie showing of personal jurisdiction. *See Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977).

The facts alleged in Caruth's complaint sound in tort.[1] The purposeful availment prong is therefore analyzed under the "effects" test: Has Caruth alleged that IPA committed "(1) intentional actions (2) expressly aimed at [California] (3) causing harm, the brunt of which is suffered—and which [IPA knew was] likely to be suffered—in [California?]" *Core–Vent,* 11 F.3d at 1486.

■ Caruth satisfied the first element by alleging that IPA intentionally denied her membership and IPA training analyst status based on age bias; that IPA's decision was directed at a California resident and was facilitated by site visits in California; and that IPA knew that any harm allegedly suffered from its decision would be suffered by Caruth, a California resident, in California. Caruth has sufficiently alleged that IPA purposefully availed itself of the benefits and protections of the forum state and Caruth's claims arise out of IPA's forum-related activities.

## II.

■ Having concluded that IPA had sufficient contacts with California in relation to Caruth's cause of action, we now turn to the question of whether the exercise of jurisdiction would be reasonable. *See Core–Vent,* 11 F.3d at 1487. In determining whether jurisdiction over IPA would comport with "fair play and substantial justice," we balance the following seven factors:

(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most

efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* at 1487–88; *see also Roth v. Garcia Marquez,* 942 F.2d 617, 623 (9th Cir.1991).

■ Since IPA purposefully availed itself of the forum state, we begin with a presumption of reasonableness, *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir.1986), which can only be overcome by a " 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.' " *Core–Vent,* 11 F.3d at 1487 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985)).

■ 1. *Purposeful Interjection.* In addition to the allegations discussed above in the purposeful availment analysis, Caruth's allegations of IPA's mail, faxes, and telephone calls to California in relation to the site visit, IPA's newsletter sent to California, dues collected from California members, and its affiliations with societies in California all demonstrate IPA's purposeful injection into California.

2. *Burden on Defense.* IPA's burden in defending a suit in California weighs against asserting jurisdiction because IPA is a foreign non-profit organization, based in Buenos Aires and organized under the Civil Code of Switzerland. *See Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113–14, 107 S.Ct. 1026, 1032–33, 94 L.Ed.2d 92 (1987). This factor weighs heavily against asserting jurisdiction because IPA's burden is the primary concern in an assessment of reasonableness. *See FDIC v. British–American Ins. Co.,* 828 F.2d 1439, 1444 (9th Cir.1987). However, "[d]espite its strong weight, this factor alone is not dispositive." *Core–Vent,* 11 F.3d at 1489. Moreover, " '[u]nless such inconvenience is so great as to constitute a deprivation of due process, it will not over-

---

1. Caruth alleged facts that could possibly give rise to several tort claims (*i.e.,* defamation, intentional interference with business relations, and intentional infliction of emotional distress). While Caruth may need to clarify these claims through amendment, in reviewing for jurisdiction, we view the complaint in the light most favorable to Caruth and resolve all doubts in her favor. *See Metropolitan Life Ins. Co.,* 912 F.2d at 1064 n. 1.

come clear justifications for the exercise of jurisdiction.'" *Roth*, 942 F.2d at 623 (quoting *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986)) (alteration in original).

3. *Conflict with Foreign State's Sovereignty*. The next factor concerns the extent to which the exercise of jurisdiction would conflict with the sovereignty of IPA's state. "'[T]he foreign-acts-with-forum-effects jurisdiction principle must be applied with caution, particularly in an international context.'" *Core–Vent*, 11 F.3d at 1489. In determining how much weight to give this factor, we look to the presence or absence of connections to the United States generally. *Id.* The fact that IPA has several component societies throughout the United States, including one in California, weighs in favor of Caruth. Moreover, the chairperson of the LAISPS Site Visit Committee of the IPA is Dr. Charles Mangham, who hails from the state of Washington. The presence of an affiliate, subsidiary, or agent is a significant consideration in evaluating sovereignty concerns. *Cf. id.* (citing *FDIC*, 828 F.2d at 1444). The sovereignty factor favors exercising jurisdiction.

4. *Forum State Interest*. With regard to California's interest in adjudicating the suit, "California maintains a strong interest in providing an effective means of redress for its residents [who have been] tortiously injured." *Id.* (internal quotations omitted). Specifically, California expressed its interest in protecting its citizens against the behavior alleged by Caruth when it passed the Unruh Act. This factor also weighs in Caruth's favor.

5. *Efficiency*. This factor concerns the efficiency of the forum, particularly where the witnesses and evidence are likely to be located. *Id.* The evidence and witnesses for this litigation are split between California and several other locations. Site inspections were conducted in California, and most if not all of Caruth's witnesses are in California. IPA's witnesses live in Washington, Toronto, and Montreal, possibly also England and Switzerland. In other words, no particular forum would appear to be especially convenient for IPA. This factor therefore favors exercise of jurisdiction in California.

More recently, this factor has been discounted since "[m]odern advances in communications and transportation have significantly reduced the burden of litigating in another country." *Sinatra v. National Inquirer*, 854 F.2d 1191, 1199 (9th Cir.1988). Consequently, although this factor favors Caruth, it does not weigh heavily.

6. *Importance of Forum to Plaintiff*. Although the importance of the forum to the plaintiff nominally remains part of this test, cases have cast doubt on its significance. *See e.g.*, *Core–Vent*, 11 F.3d at 1490 ("A mere preference on the part of the plaintiff for its home forum does not affect the balancing[.]"); *Roth*, 942 F.2d at 624 ("[N]o doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference."). Caruth's convenience does not significantly influence our analysis.

7. *Unavailability of Alternative Forum*. Finally, Caruth bears the burden of proving the unavailability of an alternative forum. *FDIC*, 828 F.2d at 1445. Caruth has not made any showing that she would be precluded from suing IPA outside of California, *see id.*, or that her claims could not be effectively remedied in other jurisdictions. *See Core–Vent*, 11 F.3d at 1490.

8. *Balancing the Factors*. Neither party is clearly favored in the final balance. However, given the closeness of the factors, we conclude that IPA has not presented a "compelling case" that exercising jurisdiction over it would be unreasonable. *See Roth*, 942 F.2d at 625 ("Appellees may be able to show that the exercise of jurisdiction might be unreasonable, but the closeness of the question manifests that they cannot do so in a compelling fashion.").

The district court erred in concluding that it lacked personal jurisdiction.

REVERSED.