**WOLF DESIGNS, INC., Plaintiff,**

v.

**DHR & COMPANY, et al., Defendants.**

Nos. CV 03–4729 SJO, CV 04–0772 SJO.

United States District Court,
C.D. California.

May 20, 2004.

Donald M. Cislo, and Kelly W. Cunningham, of Cislo & Thomas LLP, Santa Monica, CA, for plaintiff Wolf Designs, Inc.

Steven H. Haney, and Bruce A. Fields, of Haney Buchanan & Patterson LLP, Los Angeles, CA, for defendants.

## ORDER DENYING DEFENDANT RICHARDSON'S RENEWED MOTION TO DISMISS

OTERO, District Judge.

This matter is before the court on Defendant David Richardson's Renewed Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Doc. # 62. Having considered the arguments raised in the briefs, the court deemed the matter appropriate for decision without oral argument. *See* Fed.R.Civ.P. 78. Accordingly, the hearing set for May 10, 2004 was taken off-calendar. For the reasons stated below, Defendant David Richardson's renewed motion is hereby DENIED.[1]

1. Richardson's Reply was due on May 3, 2004. *See* Local Rule 7–10. However, the Reply was not received by the court until May 4, 2004. Although the court may decline to consider the untimely Reply, *see* Local Rule 7–12, the court, nevertheless, considers this memorandum inasmuch as there is no apparent prejudice to Plaintiff.

## FACTUAL BACKGROUND

Plaintiff Wolf Designs, Inc. ("Plaintiff") is a California corporation. Defendant DHR & Co. ("DHR") is a Georgia corporation. Defendant David Richardson ("Richardson"), a resident of Georgia, was and is the President of DHR. Mot. at 3.

The gravamen of the Complaint is that Defendants DHR, Collectives, Inc. ("Collectives"), Steinmart, Inc., Richardson, Shea Robinson, and Michael Meyer participated in an alleged scheme to capitalized on certain trade secrets in order to sell jewelry boxes, which supposedly infringed on Plaintiff's trade dress.[2] *Id.*

In February 1998, Plaintiff, a seller of high-quality leather jewelry boxes, contacted Defendants about representing Wolf Designs and becoming a distributor of the Wolf Designs' line of products. Shortly thereafter, Plaintiff Wolf and Defendants DHR and Richardson entered into an oral agreement concerning such representation, which included mention of Wolf's confidential business information. The relationship between the parties lasted for a period of four years, during which the Defendants engaged in the representation and sale of Wolf Design products at various trade shows.

In April of 2002, Plaintiff sent a letter to Defendants terminating their relationship.

A few months after termination, Plaintiff alleges that DHR and Richardson began to sell competing and inferior, but otherwise highly-similar, products, passing off the same as Wolf's. Opp'n 3. Plaintiff also alleges that DHR and Richardson misrepresented the products as being leather when, in fact, they were plastic. *Id.* Further, Plaintiff claims that DHR and Richardson breached their oral agreement by misappropriating Wolf's trade secrets and unfairly competing with Wolf. *Id.*

On July 2, 2003, Plaintiff filed a Complaint against DHR, Richardson, and others for false designation of origin, false advertising, trade dress infringement, and state law claims for breach of contract, misappropriation of trade secrets, and unfair competition. Doc. # 1.

## PROCEDURAL HISTORY

On September 8, 2003, Richardson filed a motion to dismiss for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2).

Subsequent to the oral argument held before this court on or about October 27, 2003, the court, The Honorable S. James Otero presiding, denied Richardson's motion and ordered that Plaintiff be permitted to ask questions relevant to Richardson's contacts with California at his upcoming deposition. Doc. # 29. The court permitted Richardson to renew his 12(b)(2) motion should it become evident in the deposition that there is no basis for this court to exercise personal jurisdiction over Defendant Richardson. *Id.*

On January 22 and 23, 2004, Richardson submitted to deposition near the DHR headquarters in Atlanta, Georgia. Mot. at 5.

In Defendant Richardson's view, "[g]iven the paucity of new and relevant information concerning [his] on-going contacts with the state of California," this court should grant the instant motion. Mot. at 6.

Contrary to Defendant Richardson's assessment, his deposition revealed numerous new facts that are relevant in this court's determination as to whether it could exercise specific jurisdiction over him.

In particular, in his deposition, Richardson admitted that he owns 50% of the

---

**2.** Defendants Robinson and Meyer were voluntarily dismissed.

stocks of Defendant Collectives, the company that supplies the accused jewelry boxes to the market. Richardson Dep. 25:11–19, Def.'s Exh. D.[3] Richardson's deposition revealed that Richardson plays a more influential role in the operation of Collectives: he is not just a mere employee of Collectives. *Cf.* Mot. at 12 (contending that Richardson is only "an employee of DHR and Collectives"). Rather, he and Gasko have the "final say" with respect to the selection of the jewelry boxes that were to be included in the Collectives line. Richardson Dep. 70:20–71:2.

Further, the deposition revealed that after Richardson's partner, Marilyn Donovan, died on or about January 4, 2001, Richardson became the sole owner of Defendant DHR, a sales representative for Collectives that markets and sells the accused jewelry boxes. Richardson Dep. 199:5–9; 201:5–7. Moreover, the deposition showed that from the time Donovan died, Richardson, as the sole proprietor of DHR, became the prime moving force in all policies and decisions of DHR. *Id.* at 199:17–20. Richardson admitted that he has the "final say" when it comes to DHR's policies. *Id.* at 200:17–18.

## LEGAL STANDARD

A court cannot assert personal jurisdiction over a defendant absent statutory authorization. *Omni Capital Int'l. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104–05, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Statutory authorization is typically found in the forum state's "long-arm" statute. If such statute does not enable plaintiff to obtain personal jurisdiction over a defendant in a state court action, plaintiff generally will be unable to obtain personal jurisdiction in a federal court action.

In California, the applicable jurisdictional statute permits local courts to exercise jurisdiction "on any basis not inconsistent with the Constitution of this State or of the United States." Cal.Code Civ. P. § 410.10. Accordingly, the court need only determine whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause of the United States Constitution. *Rocke v. Canadian Auto. Sport Club,* 660 F.2d 395, 398 (9th Cir.1981).

"The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant." *World–Wide Volkswagen Crop. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). That clause "represents a restriction on judicial power ... as a matter of individual liberty." *Omni,* 484 U.S. at 104, 108 S.Ct. 404. One restriction imposed by the due process clause as a means of safeguarding individual liberty is the requirement that a court proceed to hear a suit only after determining that an adequate basis for jurisdiction exists.

The Ninth Circuit has instructed that:
Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate. Where ... the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." In such cases, "[courts] only inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction." Although the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the

---

**3.** Richardson submits that his partner, Ygal Gasko, owns the other 50% of Collectives' shares. Richardson Dep. 25:18–20.

complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir.2002).

■ There are two recognized bases for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) "specific jurisdiction" which arises out of the defendant's contacts with the forum giving rise to the subject litigation. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

### A. General Jurisdiction

■■ When a state exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the state is said to be exercising "general jurisdiction" over the defendant. *Helicopteros*, 466 U.S. at 414 n. 9, 104 S.Ct. 1868. If the defendant has substantial, continuous and systematic activities with the forum state, a district court may exercise jurisdiction as to any cause of action, even if the cause of action is unrelated to defendant's activities in the forum state. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

■ General jurisdiction can be established via in-state service, domicile, or consent. *See Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (finding that in-state service establishes jurisdiction); *see also Milliken v. Meyer*, 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278 (1940) ("[d]omicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction"); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 300 (9th Cir. 1986) (indicating that pursuant to Fed. R.Civ.P. 12(h)(1), a defendant can waive personal jurisdiction).

### B. Specific Jurisdiction

■ Even though there is no general jurisdiction over a defendant, California courts may still exercise personal jurisdiction if the case arises out of certain forum-related acts. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086–87 (9th Cir.2000). This "specific" jurisdiction exists if:

(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir.1997).

### 1. Purposeful Availment

■ Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir.1986). This focus upon the affirmative conduct of the defendant is designed to ensure that the defendant is not haled into court as the result of random, fortuitous or attenuated contacts, or on account of the unilateral activities of third parties. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir.1990).

■ "A nonresident defendant's act of soliciting business in the forum state will generally be considered purposeful availment if that solicitation results in contract

negotiations or the transaction of business." *Smith Noble L.L.C. v. South Jersey Vinyl Inc.*, 47 U.S.P.Q.2d 1944, 1946 (C.D.Cal.1998) (citing *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir.1988)); *see also McGee v. Int'l Life Insur. Co.*, 355 U.S. 220, 221–23, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) (holding that a Texas insurance corporation had minimum contacts with California when the insurance corporation mailed an insurance contract to California and received premium payments from their insured customer who resided in California).

■■■ Additionally, in *Calder v. Jones*, the Supreme Court held that a foreign act that is both aimed at and has effect in the forum state satisfies the purposeful availment prong of the specific jurisdiction analysis. 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (finding that the publication of tortious material by a Florida corporation who not only foresaw but "knew that the brunt of" the injury caused would be felt in California sufficiently conferred personal jurisdiction on California). To meet *Calder's effects test*, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).

### 2. Relatedness

The second requirement for specific jurisdiction is that the contacts constituting purposeful availment must be the ones that give rise to the current suit. *Bancroft & Masters*, 223 F.3d at 1088. The Ninth Circuit instructed that courts must measure this requirement in terms of "but for" causation. *See Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir.1995).

### 3. Reasonableness

■■■ The final requirement for specific jurisdiction is reasonableness. "The relationship between the defendant and the forum must be such that 'it is reasonable ... to require the corporation to defend the particular suit which is brought there.'" *World–Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. 559. For jurisdiction to be reasonable, it must comport with "fair play and substantial justice," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and "once purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable." *Id.* at 478, 105 S.Ct. 2174.

■■■ In addressing the question of reasonableness, the Ninth Circuit considers seven factors:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. No one factor is dispositive; a court must balance all seven.

*Panavision*, 141 F.3d at 1322–23.

### DISCUSSION

Wolf does not argue that Richardson's contacts with California are so pervasive as to justify the exercise of general jurisdiction. Accordingly, the court need only determine whether Plaintiff has sufficiently established that the court may exercise specific jurisdiction over Richardson.

### 1. Purposeful Availment

 "Under the fiduciary shield doctrine a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir.1989). However, the corporate form may be ignored in two cases: (1) where the corporation is the agent or alter ego of the individual defendant, *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir.1984); or (2) by virtue of the individual's control of, and direct participation in the alleged activities, *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985).

 "A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir.1999) (corporate officers cannot "hide behind the corporation where [the officer was] an actual participant in the tort"). However, mere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other "unreasonable participation" in the unlawful conduct by the individual. *See, e.g., PMC, Inc. v. Kadisha*, 78 Cal. App.4th 1368, 1389, 93 Cal.Rptr.2d 663 (2d Dist.2000).

As recognized by the Ninth Circuit, "[c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, ... or the 'central figure' in the challenged corporate activity." *Davis*, 885 F.2d at 524 (citations omitted); *see also LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F.Supp. 820 (N.D.Cal.1992).

Thus, the central determination is whether Richardson is a primary participant or "guiding spirit" in the alleged wrongdoing intentionally directed at California. *Indiana Plumbing*, 880 F.Supp. at 751.

 Richardson contends that while Plaintiff may have arguments justifying jurisdiction over DHR and Collectives, "there is no evidence present justifying reasonableness that would 'comport with fair play and substantial justice' justifying jurisdiction over the individual defendant." Mot. at 8. Richardson claims that the few products that were sold to California residents were a result of purchases made at trade shows which took place in Atlanta, Georgia. *Id.* Further, Richardson claims that he was unaware of any sale of the accused products to California residents, and he became aware of the purchases made by California residents only after the products were shipped to their ultimate retail destination. *Id.* Moreover, Richardson submits that almost all of DHR's business is within the southern states; they do not conduct business within California; and they have no customer base in California. *Id.* at 8–9. In addition, Richardson indicates in his Reply that out of 3,600 to 3,900 sales orders processed by DHR at the July 2002 trade show, DHR had only one (1) order that resulted in a shipment in California. Reply at 3. Similarly, at the January 2003 show, four (4) sales orders out of approximately 4,000 sales orders that were written resulted in a shipment in California, and only two (2) of the 4,000 sales orders written at the July 2003 trade show resulted in shipments to California. *Id.* at 3.

Furthermore, Richardson states that while DHR provided representation for Plaintiff, Richardson never traveled to California and has not visited California in over six years outside of an occasional layover at the airport. Richardson Decl.

at ¶ 6. Richardson also claims that DHR does not direct any advertising towards California, nor has he personally directed or authorized any advertising or solicitation in California. *Id.* at ¶ 7. Finally, Richardson declares that he did not authorize, control, direct, or even have knowledge of any of DHR's sales to customers in California. *Id.* at ¶ 10.

Having reviewed the exhibits concerning the instant motion, the court finds that Richardson has sufficient contacts with California to warrant this court's exercise of specific jurisdiction over him. As described above, Richardson's deposition revealed that he owns 50% of the stocks of Defendant Collectives. Richardson Dep. 25:11–19, Def.'s Exh. D. Contrary to his claim that he is a mere employee of Collectives, Richardson admitted in his deposition that he and Gasko "made the final decision with respect to the selection of the jewelry boxes that were to be included in the Collectives line." Richardson Dep. 70:20–71:2. Moreover, from the time Donovan died, Richardson, as the sole proprietor of DHR, became the prime moving force in all policies and decisions of DHR. *Id.* at 199:17–20. Richardson admitted that he has the "final say" when it comes to DHR's policies. *Id.* at 200:17–18.

Upon careful review of all documents filed herein, the court finds that Plaintiff has proffered sufficient evidence to support its claim that Richardson was directly involved in the allegedly infringing activity. Richardson's admissions are sufficient to establish that he personally directed, participated in, and authorized the alleged infringing activity. As the President and the sole owner of Defendant DHR, Richardson admitted that he made decisions concerning DHR's operations. Although he qualified this admission by stating that his sales manager had some decision-making authority, Richardson acknowledged that he has the final say with respect to

DHR's policies. By allowing DHR's alleged Infringing activities to be directed toward California, Richardson purposefully availed himself of this forum.

### 2. Relatedness

The second requirement for specific jurisdiction is that the contacts constituting purposeful availment must be the ones that give rise to the current suit. Courts measure this requirement in terms of "but for" causation. *See Ziegler,* 64 F.3d at 474.

This requirement is met here. But for Richardson's authorization of DHR's and Collectives' alleged infringements and unfair business practices, and Plaintiff's discovery of the same, Plaintiff would not have been injured in California by causing confusion among Plaintiff's customers.

### 3. Reasonableness

The final requirement for specific jurisdiction is reasonableness. For jurisdiction to be reasonable, it must comport with fair play and substantial justice. *See Burger King,* 471 U.S. at 476, 105 S.Ct. 2174. *Burger King* explicitly places upon the defendant the burden of demonstrating unreasonableness and requires the defendant to put on a "compelling case." *Id.* at 476–77, 105 S.Ct. 2174. The reasonableness determination requires the consideration of several specific factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Id.*

### (a) Extent of Purposeful Interjection

■ The Ninth Circuit has instructed that:

> Where there is a finding of contacts sufficient to show purposeful availment, there is generally purposeful interjection. However, where a defendant's contacts with the forum state are slight or minimal, the "slightness of the purposeful interjection 'militates against' a finding of the reasonableness of jurisdiction."

*Smith,* 47 U.S.P.Q.2d at 1948 (citations omitted). As the Ninth Circuit has stated, "once purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable." *Carnival Cruise,* 897 F.2d at 386. "To rebut that presumption, a defendant 'must present a compelling case' that the exercise of jurisdiction would, in fact, be unreasonable." *Id.* (citing *Burger King,* 471 U.S. at 476, 105 S.Ct. 2174; *Corporate Inv. Business Brokers v. Melcher,* 824 F.2d 786, 790 (9th Cir.1987)).

Here, Richardson has failed in carrying its burden of showing a compelling case of unreasonableness. In fact, Richardson's moving papers did not even discuss the *Burger King* factors.

### (b) Burden on the Defendant

■ "A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'" *Caruth v. Int'l Psychoanalytical Ass'n,* 59 F.3d 126, 128–29 (9th Cir.1995) (*citing Roth v. Marquez,* 942 F.2d 617, 623 (9th Cir.1991)).

The burden on Richardson as a resident of Georgia may be significant, but in light of modern advances in transportation and communications, the burden of defending this suit in California would not be over-whelming. *McGee,* 355 U.S. at 223, 78 S.Ct. 199; *Hirsch v. Blue Cross, Blue Shield,* 800 F.2d 1474, 1481 (9th Cir.1986). Any inconvenience suffered by Richardson surely would not be so great as to constitute a deprivation of due process. *See e.g., Sinatra,* 854 F.2d at 1199 (inconvenience to Swiss Clinic with one representative in the United States of defending lawsuit in California not so great as to constitute due process violation). Thus, this factor does not favor dismissal.

### (c) Conflict with the Sovereignty of the Defendant's State

This factor concerns the extent to which this court's exercise of jurisdiction in California would conflict with the sovereignty of Georgia, Richardson's domicile. Richardson has not made any argument concerning this factor.

### (d) Forum State's Interest in Adjudicating the Dispute

"A state is deemed to have a strong interest in protecting its citizens against the tortious acts of others." *Carnival Cruise,* 897 F.2d at 387. Thus, this factor favors Plaintiff.

### (e) Efficient Judicial Resolution

This factor focuses on the location of the evidence and witnesses. *Panavision,* 141 F.3d 1316 at 1323. It is no longer weighed heavily given the modern advances in communication and transportation. *Id.* In any event, this factor is probably neutral.

### (f) Convenience and Effective Relief for Plaintiff

Plaintiff is located in California, as are the protected works, and its designers. It may be more costly and inconvenient for Plaintiff to litigate in another forum, but the burden on Plaintiff is relatively light. This factor is essentially neutral.

### (g) Existence of an Alternative Forum

Plaintiff has not sufficiently demonstrated the unavailability of an alternative forum. In this case, Georgia is an alternative forum. As stated above, it may be more costly and inconvenient for Plaintiff to litigate in Georgia, but this is not an unreasonable burden. This factor weighs in Richardson's favor.

In balancing the *Burger King* factors, this court concludes that Richardson failed to present a compelling case that this court's exercise of jurisdiction in California would be unreasonable.

### CONCLUSION

For the foregoing reasons, Defendant Richardson's Renewed Motion to Dismiss for Lack of in Personam Jurisdiction is hereby DENIED.

IT IS SO ORDERED.