**HAWAII FOREST & TRIAL LTD., Plaintiff,**

v.

**Tom DAVEY; Davey Coach Sales Incorporated; Ford Motor Company; Klam America; Penntex Industries, Inc.; Turtle Top, Defendants.**

**Civ. No. 07–00538 HG–BMK.**

United States District Court, D. Hawai'i.

May 5, 2008.

Steve V. Torkildson, Wilson M. Loo, Laura Anderson, Torkildson Katz Fonseca Jaffe Moore & Hetherington, Honolulu, HI, for Plaintiff.

Elton John Bain, Ewing M. Martin, III, H. Shan Wirt, Kessner Duca Umebayashi Bain & Matsunaga, Lyle M. Ishida, Tom Petrus & Miller LLLC, Edmund K.U. Yee, Ryan I. Inouye, Sidney K. Ayabe, Ayabe Chong Nishimoto Sia & Nakamura, Charles A. Price, James E.T. Koshiba, Koshiba Agena & Kubota, Honolulu, HI, Michael Forman, Brown Pruitt Peterson & Wambsganss, P.C., Fort Worth, TX, for Defendants.

### *ORDER DENYING DEFENDANT KLAM AMERICA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION*

HELEN GILLMOR, Chief Judge.

Plaintiff Hawaii Forest & Trial, Ltd. has brought this case to recover damages arising out of its purchase of allegedly defective custom made vehicles for use in its eco-tourism business on the Island of Hawaii. Defendant Klam America, an out of state company, installed the retarders in the custom made vehicles. Defendant Klam America has moved to dismiss all claims against it for lack of personal jurisdiction, arguing that it has insufficient contacts with the State of Hawaii.

The Court finds that when Defendant Klam installed the retarders in the custom made vehicles, it knew Plaintiff had purchased the vehicles for use in Hawaii. Such purposeful availment, where the harm alleged arises out of Klam's forum activities, is sufficient for the exercise of specific jurisdiction over Defendant Klam. For the reasons set forth below, Defendant Klam's motion to dismiss for lack of personal jurisdiction is **DENIED.**

## PROCEDURAL HISTORY

On January 24, 2008, Defendant Klam America ("Klam") filed a Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 29, "Motion".)

On February 28, 2008, Plaintiff Hawaii Forest & Trail, Ltd. ("Plaintiff") filed an Opposition. (Doc. 38, "Opposition".)

Defendants Ford Motor Company, Tom Davey, and Davey Coach Sales Inc. have filed statements of no position. (Docs. 33, 37.)

On March 6, 2008, Klam filed a Reply. (Doc. 40, "Reply".)

On March 28, 2008, this matter came on for hearing. The Court orally denied Defendant's Motion to Dismiss for Lack of Personal Jurisdiction with a written order to follow.

## BACKGROUND

Plaintiff is Hawaii corporation which operates an eco-tourism business on the Island of Hawaii. (First Amended Compl. at ¶ 10.) Defendant Klam is a Nevada corporation with its principal place of business in Colorado. (Motion at Declaration of Clay Pierce at ¶ 2.) Plaintiff's business requires heavy duty, all-terrain vehicles. (Amended Compl. at ¶ 10.) Plaintiff alleges that on or about January 2006, Defendant Tom Davey made an unsolicited sales call to Plaintiff's office in Kailua–Kona, Hawaii. (*Id.* at ¶ 11.) The purpose of the sales call was to sell Plaintiff heavy duty all-terrain vehicles specifically designed for use in the Plaintiff's eco-tourism business. According to Plaintiff, Defendant Davey represented that Defendant Davey Coach was capable of assembling and manufacturing these vehicles from components supplied by defendants, including Klam. (*Id.* at ¶ 13.) Defendant Davey and Davey Coach entered into an agreement to sell Plaintiff two Ford vehicles. (*Id.* at ¶ 16.) The vehicles were manufactured by Ford and built, modified, and/or designed or as-

sembled by Defendants Davey and Davey Coach using, assembling, or installing parts manufactured by Defendant Klam and others. (*Id.* at ¶ 17.) While Plaintiff alleges that Defendants Davey and Davey Coach were representatives or agents of Defendant Klam, Defendant Klam has presented evidence that Davey and Davey Coach are not authorized dealers or agents of Klam. (Reply at Declaration of Clay Pierce at ¶ 3.) Plaintiff has not presented any evidence to contradict this assertion.

In 2006, Davey Coach ordered two retarders from Klam to be installed onto the vehicles purchased by Plaintiff. (Motion at Pierce Decl. at ¶ 2.) A retarder is an auxiliary braking system. (Motion at Pierce Decl. at ¶ 4.) Klam services, installs, and repairs retarders. (*Id.*) In May 2006, Davey Coach dropped off the two vehicles at Klam's facility in Denver, Colorado. (*Id.* at ¶ 4.) Klam installed the retarders and tested the vehicles. (*Id.*) On May 26, 2006, Davey Coach picked up the vehicles from Klam's facility in Denver, Colorado. (*Id.*)

On or about July 7, 2006, Plaintiff received delivery of the two vehicles. (Amended Compl. at ¶ 18.) Plaintiff alleges that both vehicles exhibited a number of manufacturing defects which kept them out of service for months. (*Id.* at ¶¶ 20–23.) The Complaint alleges that the negative supply wiring was undersized for the amount of current supplied by the alternator and that the amp was undersized for the application. (*Id.* at ¶ 30.) The Complaint also alleges that the manufacturers knew, or should have known, that the vehicles' alternators were undersized for the functions required by the equipment installed on the vehicle. (*Id.* at ¶ 65.) In Plaintiff's opposition it provided the Court with exhibits alleged to show that Klam knew, or should have known, that at the time it installed the retarders there would

be insufficient amperage capability in the vehicles' electrical system to operate the retarders without exceeding the alternators' capacity. (Pl. Opp. at Exh. A.) Plaintiff alleges that the alternator failed in both vehicles and the retarder, installed by Klam, failed in one of the vehicles. (Amended Compl. at ¶ 34.) The Complaint alleges that expert opinion lays the blame for the vehicles' breakdowns on flaws in the electrical systems. (*Id.* at 30.)

### STANDARD OF REVIEW

The Court may dismiss a complaint as a matter of law pursuant to Fed.R.Civ.P., Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Fed.R.Civ.P. requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely"); *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir.1996)("[a]ll that is required is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'") (quoting *Datagate, Inc. v. Hewlett–Packard Co.*, 941 F.2d 864, 870 (9th Cir.1991)).

In evaluating a complaint when considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the Court must presume all factual allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. *Roe v. City of San Diego*, 356 F.3d 1108, 1111–12 (9th Cir.2004); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (the complaint must be liberally

construed, giving the plaintiff the benefit of all proper inferences).

Conclusory allegations of law and unwarranted inferences, though, are insufficient to defeat a motion to dismiss. *Pareto*, 139 F.3d at 699; *In re VeriFone Securities Litigation*, 11 F.3d 865, 868 (9th Cir.1993) (conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981) (the Court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). Additionally, the Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

In *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the United States Supreme Court recently addressed the pleading standards under the Federal Rules of Civil Procedure in the antitrust context. Numerous federal courts have considered *Twombly*'s effect on the federal pleading standard, namely whether *Twombly* established a blanket heightened pleading standard for all cases. The Court agrees with those courts that have held it does not.

A few weeks after *Twombly*, the Supreme Court decided *Erickson v. Pardus*, —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). In *Erickson*, a prisoner civil rights case, the Court reiterated that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Recently, the Ninth Circuit Court of Appeals in *Skaff v. Meridien North America Beverly Hills, LLC,* 506 F.3d 832 (9th Cir.2007) applied *Erickson* in the Americans with Disabilities Act context, and reaffirmed the applicability of Rule 8's fair notice pleading standard. The Ninth Circuit clarified that Rule 8's fair notice pleading standard, as opposed to a heightened pleading standard, applies unless there is an explicit requirement in a statute or federal rule. *Id.* at 840–41 ("[T]he Supreme Court has repeatedly instructed us not to impose such heightened standards in the absence of an explicit requirement in a statute or federal rule.") (*citing Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (rejecting heightened pleading standard for Title VII employment discrimination suits); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (rejecting heightened pleading standard for § 1983 suits asserting municipal liability); *see Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1973 n. 14, 167 L.Ed.2d 929, (2007); *cf.* Private Securities Litigation Reform Act of 1995, Pub. L. No. 104–67, § 101(b), 109 Stat. 737, 747 (imposing heightened pleading standard for securities fraud class actions) (codified at 15 U.S.C. § 78u–4(b)(1)–(2)); Fed.R.Civ.P. 9(b) (imposing heightened pleading standard for complaints of fraud or mistake)).

## *ANALYSIS*

### A. *Personal Jurisdiction*

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *See Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990). Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.; Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 127–28 (9th Cir.1995) ("we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction").

Although the plaintiff cannot "simply rest on the bare allegations of its complaint," *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir.1977)), uncontroverted allegations in the complaint must be taken as true. *Id.* (citing *AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996)). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.; see Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir.2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal.").

Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See* Fed.R.Civ.P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998). Because Hawaii's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *See Cowan v. First Ins. Co.,* 61 Haw. 644, 608 P.2d 394 (1980).

Questions of personal jurisdiction must be decided on a case-by-case basis. *See Pacific Atlantic Trading Co., Inc. v. M/V Main Exp.,* 758 F.2d 1325, 1327–28 (9th Cir.1985). Defendant must have suffi-

cient minimum contacts with Hawaii such that the exercise of jurisdiction by this forum does not violate traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Because the State of Hawaii has a statute, Haw.Rev.Stat. § 634–35, conferring jurisdiction over non-residents, adopted to expand jurisdiction to the maximum degree permitted under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the jurisdictional analysis under state and federal law merge. Due process is satisfied if there is either "general" or "specific" jurisdiction over the Defendant. *See Sher,* 911 F.2d at 1361.

### 1. *General Jurisdiction*

■ "General" jurisdiction requires "substantial" or "continuous and systematic" contacts with the forum. *See Sher,* 911 F.2d at 1361; *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The Plaintiff does not argue that the Court has general jurisdiction over Klam and based on the facts before it, the Court finds that it does not.

### 2. *Specific Jurisdiction*

■ In analyzing specific jurisdiction, the court should look at the nature and quality of the defendant's contacts. *See Peterson v. Kennedy,* 771 F.2d 1244, 1261 (9th Cir.1985). The Ninth Circuit Court of Appeals has adopted a three-prong test for analyzing "specific" jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger,* 374 F.3d at 802.

■ The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* (citing *Sher,* 911 F.2d at 1361). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

#### a. *Defendant Has Purposefully Availed Itself of the Forum*

■ To be subject to specific jurisdiction, a defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.,* 471 U.S. at 475, 105 S.Ct. 2174 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). "Purposeful availment" requires that the defendant "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher,* 911 F.2d at 1362 (quoting *Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1195 (9th Cir.1988)).

■ "The requirement of 'purposeful availment' is based on the presumption that it is reasonable to require a defendant who conducts business and benefits from his activities in a state to be subject to the

burden of litigating in that state as well." *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257, 1259 (9th Cir.1989).

In *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the Supreme Court adopted a three-part "effects test" for the purposeful availment prong. The defendant must have:

(1) committed an intentional act;

(2) which was expressly aimed at the forum state; and

(3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state.

*Calder*, 465 U.S. at 789, 104 S.Ct. 1482.

 This test is satisfied if "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc.*, 223 F.3d at 1087.

 We must examine the concept of a stream of commerce case, the analysis of which falls under the oft-cited United States Supreme Court case, *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), and its progeny. Recently, the Ninth Circuit Court of Appeals, in *Holland America Line, Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 459 (9th Cir.2007), reiterated that "[t]he placement of a product into the stream of commerce, without more, is not an act directed at the forum state." (citing *Asahi Metal Indus. Co.*, 480 U.S. at 112, 107 S.Ct. 1026). Mere awareness that the stream of commerce may sweep the product into the forum state is also insufficient to constitute purposeful availment. *Id.* The question before the Court in this case is whether Klam did something "more" than place its product into the stream of commerce with the awareness that it may end up in Hawaii,

and the Court concludes that the answer is yes.

 In this case, Klam installed retarders in two custom built vehicles it knew had been purchased by Plaintiff, a Hawaii company, for use in Hawaii. The price quote, dated January 27, 2006, provided by Klam to Davey Coach makes clear reference to the fact that the retarders were to be used in vehicles being custom built for "Hawaii Forest and Trial". (Reply at Exh. D.) Klam has purposefully availed itself of this forum by installing retarders in custom built vehicles which it knew were to be used in Hawaii, and the alleged malfunctioning of which caused harm in this state. The facts here show that Klam, by installing its product on custom made vehicles purchased by a Hawaii company for use in Hawaii, did something more than merely placing its product into the stream of commerce. Klam not only expected, but knew that its product would end up in Hawaii. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) ("The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State"). Plaintiff has satisfied the first prong of the test.

### b. Plaintiff's Claim Arises Out of Klam's Forum Activity

 Klam's forum activity was the installation of the retarders in vehicles which it knew Plaintiff had purchased for use in Hawaii. Plaintiff's claim arises out of the alleged manufacturing defects in the vehicles' electrical systems which involved the installation of the retarders by Klam. Because Plaintiff's claim arises out of Defendant's activity aimed at use in the forum,

Plaintiff has satisfied the second prong of the test.

### c. *Exercise of Jurisdiction Over Klam is Reasonable*

An unreasonable exercise of jurisdiction violates the Due Process Clause even if the "purposeful availment" and "arising out of" requirements of the specific jurisdiction test are satisfied. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995). Because Plaintiff has satisfied the first two requirements, Klam has the burden of proof as to the issue of reasonableness and must " 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' " *Ballard*, 65 F.3d at 1500 (quoting *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174).

In examining the reasonableness of jurisdiction over Klam in Hawaii, the Court considers such factors as:

(1) the extent of defendant's purposeful interjection into the forum state;

(2) the burden on the defendant in defending in the forum;

(3) the importance of the forum to the plaintiff's interest in convenient and effective relief;

(4) the most efficient forum for judicial resolution of the dispute;

(5) the forum state's interest in adjudicating the dispute;

(6) the extent of the conflict with the sovereignty of the defendant's state; and

(7) the existence of an alternative forum.

*See Sher*, 911 F.2d at 1364; *Bancroft & Masters, Inc.*, 223 F.3d at 1088. No one factor is dispositive; they must be balanced. *See Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 866–67 (9th Cir.2003).

Klam has not presented a compelling reason why jurisdiction should not attach. The balance of the factors weigh in favor of exercising jurisdiction over Klam.

In the tort context, the Ninth Circuit Court of Appeals imposes three requirements for purposeful availment. The defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.2006). Klam purposefully directed its activities toward Hawaii by installing its retarders in vehicles which it knew had been sold to Plaintiff for use in Hawaii. *See Dinnerman v. Douter Coffee Co., Ltd.*, 2007 WL 1701919, at *4 (D.Haw.2007) ("In examining the purposeful availment requirement, this court analyzes whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff.... [T]he defendant need not have been physically present or have had physical contact with the forum state, so long as the defendant's efforts were 'purposefully directed' toward a forum resident.") (citations and quotations omitted).

Although there is some burden on Klam in litigating in Hawaii it is not so great as to constitute a due process violation. Modern developments in communication and transportation have reduced the burden of litigating in another state.

Hawaii has a strong interest in adjudicating this dispute because Plaintiff is Hawaii corporation and the vehicles were sold to Plaintiff for use in its eco-tourism business operating in Hawaii. *See Miracle v. N.Y.P. Holdings, Inc.*, 87 F.Supp.2d 1060, 1070 (D.Haw.2000) (Hawaii has a "strong interest in providing an effective means of redress for its residents who are tortiously

**1172**

injured."). Klam has not presented any evidence of a conflict between Hawaii and Colorado law. In light of Hawaii's strong interest in adjudicating this dispute, the lack of evidence of conflicting law weighs slightly in favor of jurisdiction. *See United Kingdom Mut. S.S. Assurance Ass'n v. Cont'l Maritime of San Francisco, Inc.*, 1992 WL 486937, at *5 (N.D.Cal. Aug. 31, 1992) (because there was no conflict between Canadian law and U.S. law, this factor weighed in favor of the exercise of specific jurisdiction). Plaintiff's interest in convenient and effective relief also weighs in favor of adjudication of this dispute in Hawaii.

Consideration of whether the forum provides efficient judicial resolution of the controversy focuses on the location of the evidence and the witnesses. This factor "is no longer weighed heavily given the modern advances in communication and transportation" and is neutral in this case. *Panavision Int'l, L.P.*, 141 F.3d at 1323–24. Finally, the Court considers whether alternative forums exist. It is the Plaintiff's burden to prove the unavailability of an alternative forum. *Id.* at 1324. As Plaintiff concedes, alternative forums, other than Hawaii, do exist. This factor weighs in favor of Klam.

Overall, the balance of these factors weighs in favor of exercising jurisdiction over Klam. Klam has not presented a compelling case that the exercise of jurisdiction over it would be unreasonable.

### CONCLUSION

For the reasons set forth above, Defendant Klam America's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 29) is **DENIED.**

IT IS SO ORDERED.